UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ENASHA MURPHY, an infant by her mother and natural guardian, ORIANA DUNCAN, and ORIANA DUNCAN individually,

         Plaintiff(s),

  -against-

SOUND SHORE MEDICAL CENTER OF WESTCHESTER and THE UNITED STATES OF AMERICA,

         Defendant(s).
------------------------------------------------------------------X

**07 CIV. 3094**

**BRIEANT**

**VERIFIED COMPLAINT**

PLAINTIFF DEMANDS A TRIAL BY JURY

  Plaintiff, by her attorneys RONEMUS & VILENSKY, complaining of the defendants herein, respectfully shows to the Court, and allege as follows:

I.  JURISDICTION AND VENUE

  1.  This action is based upon the Federal Tort Claims Act, 28 U.S.C. Section 1346 (b) and 2671-2680, as hereinafter more fully appears. The Court has personal jurisdiction over the defendant herein pursuant to Rule 4(i)(1)(A)-(C) of the Federal Rules of Civil Procedure. Venue is proper in this Judicial District pursuant to 28 U.S.C.S. §1402(b).

  2.  The infant plaintiff, ENASHA MURPHY, appearing herein by her mother and natural guardian ORIANA DUNCAN, hereinafter referred to as adult plaintiff, is an individual residing at 204 Union Avenue, Apt. 1B, Mount Vernon, New York 10550, and is a citizen of the United States of America.

**AS AND FOR A FIRST CAUSE OF ACTION**

  3.  Defendant, SOUND SHORE MEDICAL CENTER OF WESTCHESTER, is a corporation established by and acting under and by virtue of the laws, statutes and ordinances of the State of New York.

  4.  Defendant, SOUND SHORE MEDICAL CENTER OF WESTCHESTER, is and was in the business of supplying health and medical services to the sick and ailing.

5. Defendant, SOUND SHORE MEDICAL CENTER OF WESTCHESTER, held itself out to the general public as a medical and/or health institution and facility, possessing a reasonable degree of skill and competence to care for and treat the sick and infirm.

6. From approximately October 16, 2003 continuing through February 15, 2004, adult plaintiff ORIANA DUNCAN, was a patient of defendants, their agents, servants or employees and receive treatment at SOUND SHORE MEDICAL CENTER OF WESTCHESTER.

7. That at all times herein mentioned JENNIFER HARPER, M.D. was a physician duly licensed to practice medicine in the State of New York.

8. That at all times herein mentioned VICTOR MONEKE, M.D. was a physician duly licensed to practice medicine in the State of New York.

9. That at all times herein mentioned JENNIFER HARPER, M.D. was an employee, servant, and/or agent of co-defendant SOUND SHORE MEDICAL CENTER OF WESTCHESTER and/or THE UNITED STATES OF AMERICA.

10. That at all times herein mentioned JENNIFER HARPER, M.D. rendered medical care to the plaintiff Enasha Murphy.

11. That at all times herein mentioned VICTOR MONEKE, M.D. was an employee, servant, and/or agent of co-defendant of SOUND SHORE MEDICAL CENTER OF WESTCHESTER and/or THE UNITED STATES OF AMERICA.

12. That at all times herein mentioned VICTOR MONEKE, M.D. rendered medical care to the plaintiff Enasha Murphy.

13. The care and treatment rendered by defendants, their agents, servants or employees was negligent, careless and reckless.

14. As the result of the foregoing, the infant plaintiff suffered great physical injury.

15. By reason of the foregoing, the infant plaintiff has been damaged in the amount of five million dollars.

16. Plaintiff filed a Claim with the United States on or about October 27, 2005.

17. More than six (6) months have elapsed since the date of the claim and it has not been settled or adjusted. Accordingly, pursuant to Title 28 U.S.C. §2675, by this complaint, plaintiff deems same as a "final denial" for purposes of Title 28 U.S.C. §2675(a).

18. This claim is filed within six months after the time to file a complaint begins to run.

## AS AND FOR A SECOND CAUSE OF ACTION

19.     Plaintiff repeats and realleges each and every allegation set forth above.

20.     The defendant, its agents, servants or employees failed to advise the plaintiff of the risks, hazards or complications of the course of care and treatment or alternatives thereto and thereby prevented the plaintiff from making a knowledgeable and intelligent course about the proposed care and treatment.

21.     The failure to so inform the plaintiff was in violation of Public Health Code Section 2805-D was the proximate cause of the permanent personal injuries and conditions suffered by the plaintiff.

22.     A reasonable person in the plaintiff's position would not have undergone the surgical procedure performed by the defendants had that reasonable person been informed of the the risks, hazards or complications of the treatment performed by the defendants.

23.     As the result of the foregoing, the plaintiff suffered great physical injury.

24.     By reason of the foregoing, the plaintiff has been damaged in the amount of five million dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

25.     That at all times hereinafter mentioned, plaintiff ORIANA DUNCAN begs to repeat and reallege each and every allegation heretofore set forth in the first and second causes of action with the same force and effect as if set forth herein at length.

26.     That at all times herein mentioned, the infant plaintiff ENASHA MURPHY was and still is the daughter of the plaintiff ORIANA DUNCAN, and these plaintiffs have lived together for a long period of time prior hereto; the plaintiff ORIANA DUNCAN has maintained and still maintains a home for the infant plaintiff ENASHA MURPHY; and that during all of the times herein mentioned, the plaintiff ORIANA DUNCAN was and still is entitled to the household services, society and companionship of her said daughter.

27.     That as a result of the negligence of the defendants, the resultant injuries sustained by the infant plaintiff ENASHA MURPHY, she was for a long time unable to perform her usual household duties and activities; that plaintiff ORIANA DUNCAN was obliged to incur great medical expense for medical aid and attention in an effort to cure and alleviate her said injuries; that plaintiff ORIANA DUNCAN was deprived of her said daughter's household services, society and companionship, and has been greatly damaged thereby.

28.     By reason of the foregoing, the plaintiffs have been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendant in the amount of five million dollars in the first cause of action, five million dollars in the second cause of action and two million in the third cause of action together with the costs and disbursements of these actions.

Dated: New York, New York
April 11, 2007

*[signature]*
MICHAEL B. RONEMUS - 4999
RONEMUS & VILENSKY
112 Madison Ave., Second Fl.
Attorneys for Plaintiff(s)
New York, N.Y. 10016
(212) 779-7070

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated: New York, New York
       April 11, 2007

Michael Ronemus (4999)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ENASHA MURPHY, an infant by her mother and natural
guardian, ORIANA DUNCAN, and ORIANA DUNCAN
individually,

                                                  **CERTIFICATE OF MERIT**

                         Plaintiff(s),

      -against-

SOUTH SHORE MEDICAL CENTER OF
WESTCHESTER and THE UNITED STATES OF
AMERICA,

                         Defendant(s).
------------------------------------------------------------------X

      Michael Ronemus, an attorney duly admitted to practice law in the State of New York affirms the truth of the following:

      I have reviewed the facts of the within action and consulted with a physician, who is licensed to practice in New York State and who is knowledgeable in the relevant issues involved in the within action. Based on this review and consultation, I have concluded there is a reasonable basis for the commencement of this action.

Dated: New York, New York
       April 11, 2007

                                                                Michael Ronemus (4999)