MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: JOHN D. CLOPPER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No. (212) 637-2716
Fax No. (212) 637-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| ENASHA MURPHY, an infant by her mother and natural guardian, ORIANA DUNCAN, and ORIANA DUNCAN, individually, | : : : : |
| Plaintiffs, | : : **ANSWER** |
| v. | : : 07 Civ. 3094 (CLB) |
| SOUND SHORE MEDICAL CENTER OF WESTCHESTER and UNITED STATES OF AMERICA, | : : **ELECTRONICALLY FILED** : : |
| Defendants. | x |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant United States of America, by its attorney, Michael J. Garcia, United States

Attorney for the Southern District of New York, respectfully answers plaintiffs' complaint on

information and belief as follows:

1.      Paragraph 1 of the Complaint sets forth Plaintiffs' allegations of jurisdiction and

venue to which no response is required.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Admits the allegations contained in Paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, except admits that Defendant Sound Shore Medical Center holds itself out as a medical and/or health institution and facility.

6.      Denies that from approximately October 13, 2003, continuing through February 15, 2004, Oriana Duncan was its patient, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Oriana Duncan was a patient of Defendant Sound Shore Medical Center during that time period.

7.      Admits the allegations contained in Paragraph 7 of the Complaint.

8.      Admits the allegations contained in Paragraph 8 of the Complaint.

9.      Admits that during the time of the events alleged in the Complaint, Jennifer Harper, M.D., was employed by Mount Vernon Neighborhood Health Center, which was deemed eligible for Federal Tort Claims Act coverage by the Secretary of Health and Human Services pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g)-(n), on November 21, 1994, and was re-deemed on June 23, 1996, and otherwise denies the allegations contained in Paragraph 9 of the Complaint.

10.     Denies the allegations contained in Paragraph 10 of the Complaint.

11.     Admits that during the time of the events alleged in the Complaint, Victor Moneke, M.D., was employed by Mount Vernon Neighborhood Health Center, which was deemed eligible for Federal Tort Claims Act coverage by the Secretary of Health and Human

2

Services pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42

U.S.C. § 233(g)-(n), on November 21, 1994, and was re-deemed on June 23, 1996, and otherwise

denies the allegations contained in Paragraph 11 of the Complaint.

      12.    Denies the allegations contained in Paragraph 12 of the Complaint.

      13.    Denies the allegations contained in Paragraph 13 of the Complaint.

      14.    Denies the allegations contained in Paragraph 14 of the Complaint.

      15.    Denies the allegations contained in Paragraph 15 of the Complaint.

      16.    Denies the allegations contained in Paragraph 16 of the Complaint, and avers that

Plaintiff filed an administrative claim on November 8, 2005.

      17.    Denies the allegations contained in Paragraph 17 of the Complaint, and avers that

the administrative claim was denied on January 25, 2007.

      18.    Admits that the Complaint was filed within six months of the denial of the

administrative claim.

      19.    The responses contained in Paragraphs 1-18 are incorporated by reference as

though fully set forth herein.

      20.    Denies the allegations contained in Paragraph 20 of the Complaint.

      21.    Denies the allegations contained in Paragraph 21 of the Complaint.

      22.    Denies the allegations contained in Paragraph 22 of the Complaint.

      23.    Denies the allegations contained in Paragraph 23 of the Complaint.

      24.    Denies the allegations contained in Paragraph 24 of the Complaint.

      25.    The responses contained in Paragraphs 1-24 are incorporated by reference as

though fully set forth herein.

26.    Admits that Enasha Murphy is the biological daughter of Oriana Duncan, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 26 of the Complaint.

27.    Denies the allegations contained in Paragraph 27 of the Complaint.

28.    Denies the allegations contained in Paragraph 28 of the Complaint.

## FIRST DEFENSE

Plaintiffs' damages, if any, are due in whole or in part to the acts or omissions of others, known or unknown, over whom Defendant United States of America exercised no control.

## SECOND DEFENSE

Plaintiffs' damages were not proximately caused by acts or omissions attributable to the Defendant United States of America.

## THIRD DEFENSE

Plaintiffs have no right to a jury trial.  28 U.S.C. § 2402.

## FOURTH DEFENSE

Plaintiffs' recovery, if any, must be reduced pursuant to the collateral source statute. N.Y. Civ. Prac. L. & R. § 4545(c).

## FIFTH DEFENSE

In the event that Defendant United States of America is found to be negligent, which negligence Defendant United States of America denies, the negligence of the plaintiffs or other parties contributed to causing plaintiffs' injuries, and any recovery must be proportionately reduced.

## SIXTH DEFENSE

Plaintiffs' recovery, if any, is subject to the availability of appropriated funds.  42 U.S.C. § 233(k).

## SEVENTH DEFENSE

Attorneys' fees taken out of any judgment or settlement are governed by statute.  28 U.S.C. § 2678.

## EIGHTH DEFENSE

Defendant is not liable for interest prior to judgment pursuant to 28 U.S.C. § 2674.

## NINTH DEFENSE

Defendant is not liable for damages not recoverable under 28 U.S.C. § 2674.

## TENTH DEFENSE

Plaintiffs are limited to $10,000,000.00 in damages, the amount set forth in their administrative claim.  28 U.S.C. § 2675(b).

## ELEVENTH DEFENSE

Defendant United States of America alleges the provisions of N.Y. Pub. Health Law § 2805-d(4) with respect to the cause of action for informed consent.

## TWELFTH DEFENSE

Plaintiffs have failed to mitigate their damages.

WHEREFORE, Defendant United States of America demands judgment dismissing plaintiffs' complaint and granting such further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
          August 18, 2006

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant

By:  _____/s/  John D. Clopper_____
JOHN D. CLOPPER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2716
Fax: (212) 637-0033

6