UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ENASHA MURPHY, an infant by her mother and
natural guardian, ORIANA DUNCAN, and ORIANA
DUNCAN, individually,

                Plaintiffs,                07 Civ. 3094 (CLB)

   -against-                              **ANSWER**

SOUND SHORE MEDICAL CENTER OF
WESTCHESTER and THE UNITED STATES OF
AMERICA,

                Defendants.
------------------------------------------------------------X

      Defendant Sound Shore Medical Center of Westchester ("SSMC"), by its attorneys, Kaufman Borgeest & Ryan LLP, as and for its answer to Plaintiff's Complaint alleges as follows:

      1.      Paragraph 1 of the Complaint sets forth Plaintiffs' allegations of jurisdiction and venue to which no response is required.

      2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

      3.      Admits the allegations contained in Paragraph 3 of the Complaint.

      4.      Admits the allegations contained in Paragraph 4 of the Complaint.

      5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, except admits that SSMC operated a hospital facility.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, except admits that at certain times plaintiff, ORIANA DUNCAN, received medical treatment at SSMC.

7. Admits the allegations contained in Paragraph 7 of the Complaint.

8. Admits the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Dr. Harper's employment by the United States of America, and otherwise denies the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Dr. Moneke's employment by the United States of America, and otherwise denies the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and respectfully refers all questions of fact to the trier of fact and all questions of law to the Court.

18. Admits the allegations contained in Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, SSMC repeats and realleges its answers to Paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. Denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, SSMC repeats and realleges its answers to Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

29. Plaintiffs failed to mitigate any damages they may have sustained as a result of the matters alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

30. SSMC expressly preserves all jurisdictional objections, including personal jurisdiction and subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

31. Plaintiffs' claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

32. Upon information and belief, whatever damages Plaintiffs may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of Plaintiffs. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to Plaintiffs, bears to the culpable conduct which caused said injuries.

## FIFTH AFFIRMATIVE DEFENSE

33. Defendants assert all rights pursuant to CPLR §1600 et seq. In the event Answering Defendants are found liable at all, any liability of each Answering Defendant, if fifty percent or less of the total liability assigned to all persons, shall not exceed that Defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for the non-economic loss.

## SIXTH AFFIRMATIVE DEFENSE

34. Upon information and belief, the injuries and damages alleged in the Complaint were caused by the culpable conduct of some third person or persons over whom Defendant neither had nor exercised control.

## SEVENTH AFFIRMATIVE DEFENSE

35. In the event that plaintiff recovers a verdict or judgment against the answering defendant, said verdict or judgment should be reduced pursuant to CPLR § 4545 (c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiffs in whole or in part for any past or future claim to economic loss from any collateral source.

## EIGHTH AFFIRMATIVE DEFENSE

36. Answering Defendant invokes the protection of Public Health Law §2805(d)(4) with respect to the alleged cause of action for lack of informed consent, and reserves all rights pursuant thereto.

WHEREFORE, defendant SSMC demands judgment in its favor dismissing Plaintiffs' Complaint together with the costs of suit, attorneys' fees and such other and further relief as this court may deem appropriate.

Dated: Valhalla, New York
October 30, 2007

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

_____
By: Paul J. Colucci (PJC 4085)
Attorneys for Defendant
Sound Shore Medical Center of Westchester
200 Summit Lake Drive
Valhalla, New York 10595
(914) 741-6100

TO: Ronemus & Vilensky
*Attorney for Plaintiff*
112 Madison Avenue, 2nd Floor
New York, New York 10016
Tel.: 212-779-7070

Michael J. Garcia
United States Attorney for the
Southern District of New York
John D. Clopper, Assistant US Attorney
86 Chambers Street
New York, NY 10007
Tel.: 212-637-2716